UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EZDIHAR S.,

                                                                    Plaintiff,

                                                  v.

ANDREW SAUL,
Commissioner of Social Security,

                                                     Defendant.
_____

                                                            <u>DECISION AND ORDER</u>

                                                            19-CV-6738L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On November 22, 2013, plaintiff, then fifty-one years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since November 21, 2013. (Administrative Transcript, Dkt. #7 at 19, 260). The Commissioner's unfavorable disposition of that application was ultimately remanded for further proceedings by decision and order of this court (Telesca, J.), entered June 1, 2018, with instructions to further develop the record with respect to plaintiff's orthopedic treatment, provide the opportunity for a new hearing, and reconsider the opinions of plaintiff's treating physician. (Dkt. #7 at 329-38).

On a subsequent application, plaintiff was found disabled as of January 5, 2017. ALJ John P. Costello (the "ALJ") accordingly limited his consideration of plaintiff's instant application to the closed period from November 21, 2013 through January 4, 2017. The ALJ obtained additional

evidence, held a new hearing, and issued a new decision on December 31, 2018, concluding that plaintiff had not been disabled under the Social Security Act during the relevant period. (Dkt. #7 at 260-68). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 5, 2019. (Dkt. #7 at 249-52). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for the calculation and payment of benefits (or in the alternative, for further proceedings) (Dkt. #10), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records relating to her arthritis of the knees and shoulder[s], which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #7 at 263).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, except that she can no more than frequently perform overhead work bilaterally, and can never climb ladders or scaffolds. Plaintiff is able to stand for up to 30 minutes, after which she must change position for 1-2 minutes before she can stand again. (Dkt. #7 at 263). When provided

with this RFC as a hypothetical at the hearing, vocational expert Peter A. Manzi testified that such an individual could perform the representative light, unskilled positions of garment folder and scrap separator. (Dkt. #7 at 268). The ALJ accordingly found plaintiff not disabled.

## I.     Treating Physician's Opinion

Plaintiff first argues that the ALJ erred when he failed to apply the treating physician rule to the opinions of plaintiff's treating internist, Dr. Maureen Perry.

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d).[1]

Further, the ALJ must articulate his reasons for the weight he assigns to a treating physician's opinion. *See Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). An ALJ's failure to apply the treating physician rule factors and give good reasons for declining to grant controlling weight is typically reversible error. "If, however, 'a searching review of the record' assures [the Court] that the substance of the treating physician rule was not traversed,'" and the record otherwise provides "good reasons" for the weight given to the treating physician's opinion, affirmance may be appropriate. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

---

[1] Changes to the Administration's regulations regarding the consideration of opinion evidence eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. For the purposes of this appeal, however, the prior version of the regulation applies.

Dr. Perry, a family medicine physician who treated plaintiff on several occasions during the relevant period, rendered two opinions concerning plaintiff's impairments. On February 8, 2016, Dr. Perry indicated that she'd been treating plaintiff for two months, and had engaged in an orthopedic exam that was "limited" due to plaintiff's "discomfort with range of motion" and "trouble w[ith] walking of [sic] bilateral knees."[2] She opined that plaintiff's "bilateral knee pain and bilateral [sic] back pain" would "constantly" interfere with her attention and concentration. She further indicated that plaintiff could never lift more than ten pounds and rarely lift a lesser amount, could rarely twist, bend, or climb stairs, and could never crouch or climb ladders. She couldn't sit or stand for more than 30 minutes at a time and could not perform either activity for a total of two hours in a workday, and would be expected to miss more than four days of work per month due to her symptoms. (Dkt. #7 at 244-48).

On May 22, 2017, Dr. Perry rendered an updated opinion, indicating that plaintiff's osteoarthritis (supported by clinical signs of limited range of motion and swelling) would only occasionally interfere with her attention and concentration. Dr. Perry found that plaintiff could lift less than ten pounds frequently, but was now incapable of standing for more than ten minutes at a time, and would continue to miss more than four days of work per month. (Dkt. #7 at 498-99).

---

[2] In fact, plaintiff had treated with Dr. Perry for much longer than eight weeks, although her appointments do appear to have been few and far between. The record contains treatment notes reflecting initial visits to Dr. Perry in 2008 and 2009 (Dkt. #7 at 214 et seq.), with sporadic treatment thereafter, including seven occasions during the relevant period between 2013 through 2017. *See* Perry Treatment Records, Dkt. #7 at 512 (December 18, 2013: plaintiff presents for bloodwork, no complaints, Dr. Perry suggests plaintiff consider injections in her knees for pain relief but plaintiff is reluctant); 510 (March 25, 2014: plaintiff presents with irregular menses, no other complaints); 508 (July 14, 2015: plaintiff presents seeking arthritis medication refills and says the medication is "working," although examination is limited due to bilateral knee discomfort); 504 (December 8, 2015: plaintiff complains of worsening knee and back pain, hasn't been to orthopedist, says she discontinued physical therapy two years ago, orthopedic exam "limited" due to plaintiff's discomfort, plaintiff referred to orthopedist for assessment); 502 (February 22, 2016: plaintiff presents for immunizations, complains of knee and hip pain, will continue with current medications and attend orthopedic appointments); 500 (April 18, 2016: plaintiff presents for refill of her prescribed anti-inflammatory medication for knee pain, will continue with current medications and orthopedic appointments). It is unclear why Dr. Perry's opinion did not reference her entire treatment history with plaintiff.

4

The ALJ acknowledged Dr. Perry's status as a treating physician and her "long" treatment history with the claimant, but gave her opinions "limited" weight, on the grounds that Dr. Perry had "deferred physical examinations to the plaintiff's orthopedist," whose records did not support her conclusions, and that Dr. Perry's opinion was not supported by objective imaging studies (which showed only mild-to-moderate degenerative changes) or other medical records. To the contrary, the ALJ observed, plaintiff's physical therapy and orthopedic records showed only mild tenderness, mildly reduced strength, normal gait, the functional ability to sustain daily activities, and a "good" response to physical therapy. (Dkt. #7 at 266).

The ALJ's assessment of Dr. Perry's opinions and their consistency (or lack thereof) with the medical evidence of record was not erroneous. Although plaintiff argues that the ALJ "mischaracterized" the record by suggesting that Dr. Perry did not perform a complete physical examination, the ALJ was correct that Dr. Perry noted more than once that her attempts to perform orthopedic examinations of plaintiff had been "limited" due to plaintiff's discomfort. (Dkt. #7 at 504, 508.) In contrast, the January 2, 2014 opinion of consulting oncologist Dr. Karl Eurenius, which the ALJ gave "significant" weight, was based on full and a complete examination which included objective testing of plaintiff's strength and range of motion in her back and extremities, and found no more than "mild" limitations in walking, standing, climbing and prolonged sitting due to osteoarthritis, "primarily" in the knees. (Dkt. #7 at 229-32).

The ALJ's observation that Dr. Perry's opinions were inconsistent with the records and findings of plaintiff's treating orthopedist, Dr. John G. Ginnetti, is also supported by the record. Plaintiff's orthopedic treatment notes, the obtainment of which was part of the grounds for the prior remand of the matter, consistently note that imaging studies show only "mild-moderate" arthritic changes, and orthopedic examination findings at every visit indicate no significant

5

tenderness over either knee, neutral alignment, no knee effusions (swelling due to a build-up of fluid), "excellent" bilateral range of motion, and normal gait. (Dkt. #7 at 562, 564, 566, 579, 580-81, 586). Plaintiff's orthopedic care providers prescribed nonoperative management of her condition, recommending weight loss, pain medications and physical therapy. She was also offered pain relief injections (which she declined), and cleared for "low-impact activities." (Dkt. #7 at 566, 579).

In brief, while a treating physician's opinion is entitled to controlling weight where it is "well supported by medical findings," Dr. Perry's opinions described extreme limitations which were based on incomplete and infrequent physical examinations, and were not supported by objective testing, by plaintiff's treatment records (including Dr. Perry's own records), or by any other medical opinion. These matters furnished "good reasons" for the ALJ to decline to grant them controlling weight. *See e.g.*, *Monroe v. Commissioner*, 676 Fed. App'x. 5, 7-9 (2d Cir. 2017)(unpublished opinion).

In sum, I find that the weight given by the ALJ to Dr. Perry's opinions was appropriate and sufficiently "complied with the dictates of the treating physician rule," and that the ALJ's decision is supported by substantial evidence, and is not the product of legal error. *Monroe*, 676 Fed. App'x 5 at 8.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of reversible legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 12, 2021.